The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Commissioner Laura Kranifeld Mavretic and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the Opinion and Award, except for the minor modifications to Findings of Fact (11) through (14).
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Liberty Mutual Insurance Company was the carrier on the risk.
4. A packet of medical records labeled Stipulated Exhibit 1.
5. Two Form 22s submitted 12 March 1993 and labeled Stipulated Exhibit 2.
6. On 14 February 1990, plaintiff's average weekly wage was $374.43, yielding a compensation rate of $249.63.
7. The records of Dr. Ford, Dr. White, Dr. Ringel, and Dr. Keller which were identified and attached to their depositions as exhibits.
* * * * * * * * * *
The Full Commission adopts the findings of fact found by Commissioner Mavretic and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing of this matter, plaintiff was 54 years old. He completed the eighth grade in school. Plaintiff suffered from a mild case of polio as a child, but was left without severe restrictions. Plaintiff was able to play basketball in school and subsequently worked exclusively in heavy labor jobs. Plaintiff furthermore had a history of prior disc surgery in the lumbar area of his back and diabetes.
2. Plaintiff worked as a trimmer for defendant-employer at the time of the compensable injury by accident and had been so employed for three and a half years. Plaintiff's job duties included, among other things, lifting heavy boxes.
3. On 14 February 1990, plaintiff sustained an injury when he attempted to lift a heavy box. At the time of the injury, plaintiff felt pain in his low back. Plaintiff reported the incident to an employee in the defendant-employer's personnel office on 14 February 1990, but was unable to locate his superior, Mr. Hardin. Plaintiff attempted to continue working, then went home and reclined on the floor to relieve his back pain. Plaintiff reported to work on 15 February 1990, but could not perform his job duties and left at 11:00 a.m. after locating Mr. Hardin and reporting the incident of 14 February 1990.
4. On 16 February 1990, plaintiff was seen by Dr. Robert Ford. At the time, Dr. Ford was the treating physician for workers' compensation patients employed by defendant-employer. Dr. Ford initially diagnosed plaintiff as having muscle spasms in his legs and prescribed muscle relaxants and anti-inflammatories.
5. On 17 February 1990, plaintiff sustained a stroke unrelated to the compensable injury by accident.
6. Dr. Ford continued to treat plaintiff, and, on 22 August 1990, Dr. Ford diagnosed plaintiff as having a herniated disk with compression of the left L5 nerve root.
7. On 20 September 1990, Dr. Darwin Keller performed an extended semihemilaminectomy on plaintiff at the L5-S1 level.
8. Plaintiff had persistent pain after surgery and plaintiff was referred to Dr. Robert Ringel, who prescribed medications for plaintiff to alleviate his pain.
9. As a result of the 14 February 1990 injury by accident, plaintiff has a 15% permanent functional impairment to his back.
10. At the time of the hearing, plaintiff continued to suffer from pain as well as impaired mobility, strength, and balance.
11. Based on the greater weight of the credible evidence of record, medical and otherwise, the Full Commission finds that plaintiff's disability was caused by his injury by accident of 14 February 1990.
12. Further, the Full Commission finds that plaintiff's current disability was not caused by his childhood polio, the stroke he suffered on in February of 1990, or his peripheral neuropathy condition.
13. As a result of the compensable 14 February 1990 injury by accident, plaintiff has been unable to earn any wages in any employment from 14 February 1990 to the close of the evidentiary record in this case.
14. As a result of plaintiff's 14 February 1990 accident and the resulting chronic pain, his permanent physical impairment, his limited education, his age, and his lack of any work experience at anything other than manual labor, plaintiff is and remains totally and permanently incapable of earning wages in his employment with defendant-employer or in any other employment.
15. As a result of the 14 February 1990 accident, plaintiff reasonably required medical care from Dr. Ford, Dr. Keller, and Dr. Ringel.
* * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 14 February 1990, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer when he attempted to lift a heavy box. N.C.G.S. 97-2(6).
2. As a result of plaintiff's compensable injury by accident on 14 February 1990 and the resulting chronic pain and permanent physical impairment, as well as plaintiff's limited education, age, and lack of any work experience at anything other than manual labor, plaintiff is totally and permanently disabled and is entitled to receive compensation at the rate of $249.63 per week beginning 14 February 1990 for the remainder of his life or until defendant-employer obtains permission from the Industrial Commission to cease such payments, whichever first occurs. N.C.G.S. 97-29; Whitley v. Columbia Lumber Manufacturing Company,318 N.C. 89, 348 S.E.2d 336 (1986).
3. Plaintiff is entitled to payment of all medical expenses by defendant-employer as a result of his compensable injury by accident of 14 February 1990, for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's disability. N.C.G.S. 97-25 (before amendment).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of Commissioner Mavretic and enters the following:
AWARD
1. Defendant-employer shall pay plaintiff permanent and total disability compensation at the rate of $249.63 per week beginning 14 February 1990 for the remainder of plaintiff's life or until defendant-employer obtains permission from the Industrial Commission to cease such payments, whichever first occurs. Compensation due which has accrued shall be paid to plaintiff in a lump sum, subject to the attorney fee hereinafter provided.
2. Plaintiff is entitled to payment of all medical expenses by defendant-employer as a result of his compensable injury by accident of 14 February 1990, for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's disability.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under Paragraph (1) of this Award is approved for plaintiff's counsel. Twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to his counsel. Thereafter, every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to his counsel. Consideration and designation of this attorney's fee contemplates that the counsel for the plaintiff shall continue and is hereby ORDERED to monitor the submission of medical expenses to defendant-employer.
4. Defendant-employer shall pay the costs.
 S/ ___________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ___________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ___________________ DIANNE C. SELLERS COMMISSIONER